Joseph A. Cox, S.
This is a proceeding brought pursuant to the provisions of section 124 of the Decedent Estate Law to recover Federal and New York estate taxes apportioned against life insurance proceeds now held by two insurance companies under certain settlement option agreements for the benefit of the decedent’s incompetent daughter. The decedent, prior to her death, was the beneficiary of certain insurance policies on the life of her husband who had predeceased her. The proceeds of these policies were held by the insurance companies under settlement options which, because of the decedent’s powers of withdrawal, made them taxable in her estate. Upon the decedent’s death the proceeds became payable under a selected option to the decedent’s daughter.
At the time of the decedent’s death, there was on deposit with the Massachusetts Mutual Life Insurance Co., the sum of $49,444.95 and on deposit with the Penn Mutual Life Insurance Co. the sum of $20,088. Except for the amounts, the same basic facts and questions of law are involved as to both companies and the court, in this opinion, will therefore confine itself to a discussion of the evidence, facts and figures presented with respect to the Massachusetts Mutual Life Insurance Co. policy.
Pursuant to the terms of the option selected, interest on the sum on deposit was paid to the decedent during her lifetime. Upon her death the settlement option selected provided for an annuity for the life of the decedent’s daughter Helen with installments guaranteed for 20 years. The monthly installments as calculated from the tables contained in the policy based upon the annuitant’s life expectancy under the mortality tables amounted to $192.34 per month. The contract further provided that if the decedent’s daughter should die before receiving all the guaranteed payments, the unpaid balance of such guaranteed payments was to be paid in a lump sum to other designated beneficiaries.
The companies in their answers deny that they have in their possession any funds or principal represented by the proceeds of the insurance policies other than the reserve necessary to *881 insure payment of the balance of the 240 guaranteed or stipulated monthly payments. The amount of the taxes apportioned to the insurance proceeds originally on deposit with each company which were taxed in the decedent’s estate and their liability for the payment of such taxes to the executor out of the funds in their possession is not and could not be questioned. (Matter of Scott, 158 Misc. 481, affd. 249 App. Div. 542, affd. 274 N. Y. 538, cert. denied sub nom. Northwestern Mut. Life Ins. v. Central Hanover Bank, 302 U. S. 721.)
However, the liability for payment of the apportioned tax is primarily that of the beneficiary annuitant and only the provisions of section 124 of the Decedent Estate Law give the executor the right to seek payment of the tax from ‘ ‘ whoever is in possession of such property.” Thus, the only question before the court is how, after making payment of the tax, the insurance companies will recover the amounts paid by them out of the funds in their possession.
Over objection a great deal of evidence was elicited from an actuary in the employ of the Massachusetts Mutual Life Insurance Company as to the reserve required to produce an annuity of $192.34 (the amount the annuitant is now receiving) for a person age 40, the annuitant’s age at the time of the hearing. The court is of the opinion that the evidence is neither pertinent nor relevant to the issue and the motion to strike such testimony from the record is granted. The court is likewise of the opinion that the testimony given on behalf of the insurance company as to the present value of the guaranteed payments is neither pertinent nor relevant to the issue.
The tax of approximately $11,000 was apportioned against the fund of $49,444.95 actually on deposit with the Massachusetts Mutual Life Insurance Company for the benefit of the decedent at the time of her death. This is the only fund which was transferred to it and in the possession of the insurance company within the meaning of the Scott case. The insurance company has been making monthly payments to the annuitant since May, 1953. To base the method of recovery of the tax on the present value or on the present actuarial computation of reserves made for the purpose of calculating or estimating the company’s present and future liability to the annuitant for accounting-purposes is improper. This approach has led both the petitioner and the respondents down false trails to equally fallacious conclusions which cannot be justified.
If by its decision the court directed the insurance companies to recoup the apportioned tax over the remaining period of the annuitant’s life expectancy, it would be flying directly in the *882 face of the Appellate Division decision in the Matter of Bissell (283 App. Div. 624). It is implicit within the contemplation of that decision that the insurance company will no longer have any funds or property in its possession, within the meaning of section 124 of the Decedent Estate Law, after the guaranteed payments have been made. If on the other hand the court permitted the insurance companies to deduct the apportioned taxes from the present reserve funds calculated as necessary to maintain the remaining guaranteed payments, it would result in an injustice to the infant beneficiaries designated to receive the unpaid balance of the guaranteed payments upon the death of the annuitant.
The taxes apportioned against the original funds on deposit with the insurance companies must now be paid in full to the executor. It is unfortunate that almost seven years have elapsed since the company began making payments to the annuitant but the fact remains that during this time .she has been overpaid, since the payments to her were computed on an amount in excess of what it should have been. Stated more explicitly her payments should have been computed on the face amount of the policy less the tax due thereon.
The court, therefore, directs the committee of the incompetent to surrender the insurance policies together with any certificates issued pursuant to the selected options, to the respective insurance companies. The court further directs the insurance companies to reconstitute said policies and the certificates issued thereunder as of the date they first went into effect in order to provide a life annunity for the benefit of the annuitant with 240 guaranteed monthly payments, based upon the reduced face amount of the policies determined by deducting from the original face amounts, the amounts of the apportioned taxes now being paid by the said insurance companies.
The balance of the relief prayed for by the petitioner is granted. Submit decree on notice or consent accordingly.